UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS, SUBSCRIBING TO POLICY NUMBERS DG055707, DG061908, 4N65010001, RMP201072954 AND PCA9002942-00 AND AS SUBROGEE OF LAKE ROAD GENERATING COMPANY, LP AND BG NORTH AMERICA, LLC<br>    PLAINTIFF, | : : : : : : : : : | |
| V. | : : | CIVIL ACTION NO.<br>3:10-cv-00915 (VLB) |
| DONCASTERS, INC. ET AL<br>    DEFENDANTS. | : : : | March 30, 2011 |

## MEMORANDUM OF DECISION DENYING THE DEFENDANTS' [DOC. #19] MOTIONS TO DISMISS, GRANTING THE DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT [DOC. #19], AND GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [DOC. #23]

Before the Court are motions filed by defendants Doncasters Group, Ltd., Doncasters, LLC, Doncasters, Inc. and Doncasters, Inc. – Doncasters Precision Castings – New England Division ("Doncasters" or "the Defendants"). The Defendants move to dismiss all counts and allegations brought by the plaintiff, Certain Underwriters Subscribing To Policy Numbers DG055707, DGO61908, 4N65010001, RMP201072954 and PCA9002942-00 ("Certain Underwriters" or "the Plaintiff") as Subrogee of Lake Road Generating Company, LP ("Lake Road"), and BG North America, LLC ("BG") pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) [Doc. #19]. The Defendants assert that: 1) the Court lacks subject matter jurisdiction due to an absence of diversity of citizenship, 2) that the complaint consists of conclusory allegations unsupported by factual

assertions resulting in the Plaintiff's failure to state a claim upon which relief can be granted, and 3) that Counts II through V of the complaint are improperly alleged in conjunction with the Plaintiff's products liability count. Alternatively, the Defendants move pursuant to Federal Rule of Civil Procedure Rule 12(e) for an order requiring the Plaintiff to re-plead its Complaint. [Doc. #19]. Also before the Court is the Plaintiff's [Doc. #23] Motion for Leave to File an Amended Pleading, pursuant to Federal Rule of Civil Procedure Rule 15(a), by which the Plaintiff seeks to address and dispose of the issues raised by the Defendants in their Motion to Dismiss and Motion for a More Definite Statement. The Defendants object to the Plaintiff's requested amendment on the ground that the Court, lacking subject matter jurisdiction, is obliged to dismiss the action. [Docs. ##24-25].

## Background

Certain Underwriters initiated the instant action against Doncasters in connection with the failure of a blade installed in a gas turbine generating unit located at Lake Road's facility in Dayville, Connecticut on or about June 12, 2008. Certain Underwriters alleges that the Lake Road was owned by its insured BG at the time of the failure and that it has reimbursed its insured for costs relating to the blade failure. Certain Underwriters alleges "based on information and belief" that the "Defendants manufactured, assembled, distributed, sold, constructed, serviced, inspected, tested and/or supplied the blade at issue" and therefore

asserts subrogation rights to recover payment from the Defendants pursuant to a complaint consisting of five counts, including: 1) product liability; 2) a malfunction theory of liability; 3) general negligence; 4) specific negligence; and 5) a *res ipsa loquitur* theory of negligence. [Doc. #1].

## Standard of Law

Federal courts are courts of limited jurisdiction and may not entertain matters over which they do not have subject matter jurisdiction. *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). Subject matter jurisdiction cannot be waived by parties to an action, and it also cannot be created through consent of those parties. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-702 (1982). "A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) *vacated on other grounds*, 585 F.3d 559 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 3409 (2010) (quoting *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)).

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id*. (internal citations and quotation marks omitted). Federal courts are presumptively without jurisdiction over civil matters and the burden of establishing the contrary rests upon the party asserting it. *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "When jurisdiction is challenged, the plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists, and the district court may examine evidence outside of the pleadings to make this determination." *Id.* (internal citations and quotation marks omitted). The court should determine questions of subject matter jurisdiction before considering the merits of a case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

The United States Supreme Court recently reexamined the standard governing a motion to dismiss, made pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 1949. While Rule 8 does not require detailed factual allegations,

> A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* (internal citations and quotation marks omitted).

In evaluating a motion to dismiss, the court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "At the second step, a court should determine whether the [remaining] 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).

A district court has broad discretion to allow amendment of complaints, and leave to amend should be freely given where the interests of justice so require. Fed. R. Civ. P. 15(a); *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000).

Analysis

While Certain Underwriters asserts diversity jurisdiction pursuant to 28 U.S.C. §1332, Doncasters contends that diversity jurisdiction is lacking as the operative complaint identifies Certain Underwriters as a foreign entity, domiciled in the United Kingdom with a principal place of business in London, while the Defendants consist of both domestic and foreign entities. [Doc. #20].

In addition to an amount in controversy exceeding $75,000, diversity jurisdiction requires that a case be between "citizens of a State and citizens or subjects of a foreign state," or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2)-(3). Complete diversity between all parties is required for a federal court to exercise diversity jurisdiction over a matter. *E.R. Squibbs & Sons, Inc. v.*

5

*Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). Complete diversity is absent, however, where the parties to an action are either entirely citizens of foreign states or where one side consists of both domestic and foreign citizens and the other side consists of only foreign citizens. *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). Notably, in cases involving underwriters, such as the instant action, diversity is determined not by sole reference to the lead representative party, but instead requires consideration of the citizenship of all underwriters joined in the action. *E.R. Squibbs*, 160 F.3d at 931 (acknowledging a split of authority among circuit courts but adhering to the Seventh Circuit's view that "federal courts must look to the individuals being represented rather than their collective representative to determine whether diversity of citizenship exists.") (quoting *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990)). The Defendants therefore seek dismissal because the Plaintiff's operative complaint alleges only that the Plaintiff is a foreign entity domiciled and with a principal place of business in the United Kingdom.

Pursuant to the "time of filing" rule, all challenges to subject matter jurisdiction are determined on the basis of the state of things at the time the action is commenced. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004). The existence of diversity jurisdiction at the initiation of suit is not, however, to be determined solely by reference to a plaintiff's pleadings. *Herrick, Co. v. SCS Comm'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001). Instead, a federal court may permit amendment of a complaint to insert facts that existed *ab initio*,

thereby curing any defects in the jurisdictional pleading.  *Id*.  Thus, in an action where the plaintiff failed to allege residency in pleadings before the trial court, but subsequently filed an affidavit establishing residency and diversity jurisdiction that was unchallenged by defendant, the Second Circuit found that the district court had diversity jurisdiction.  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009).

Certain Underwriters moves to amend its complaint not to establish previously non-existent diversity jurisdiction, but rather to assert that diversity jurisdiction existed *ab initio*, stating that "diversity jurisdiction existed at the time of the filing of this suit and the amendment sought . . . is merely to correct technical defects in asserting diversity jurisdiction." [Doc. #30].  The Defendants do not deny the new facts alleged by the Plaintiff, but instead contend that the motion to amend cannot be considered until the motion to dismiss has been decided.  However, in accordance with *Dupont*, a district court need not limit its inquiry to the pleadings presented by the parties prior to Defendant's motion, but instead may consider subsequently alleged facts.  *Durant*, 565 F.3d at 64.  Further, Doncasters' citation of *Broad v. DKP Corp.*, No. 97 Civ. 2029(LAP), 1998 WL 516113 at *2 (S.D.N.Y. 1998), for the proposition that the Court must first determine subject matter jurisdiction before entertaining Certain Underwriters' amended complaint is misplaced, as the plaintiff in that case sought to amend a complaint that originally alleged diversity jurisdiction to instead allege federal question jurisdiction in response to motion challenging the existence of diversity

7

jurisdiction. In that case, the district court identified that the plaintiff sought a "wholly new basis for subject matter jurisdiction," and therefore implicitly conceded the non-existence of diversity jurisdiction. *Id.* at *2-3. In the present matter, however, Certain Underwriters does not argue that jurisdiction exists under an independent doctrine, but instead clarifies that diversity jurisdiction has always existed. A court always has the power to determine its own subject matter jurisdiction. *United States v. United States Mine Workers of Am.*, 330 U.S. 258, 290 (1947). Where a trial is necessary to determine jurisdiction, the fair and efficient court may even defer a ruling on a motion to dismiss until the pertinent facts can be discerned. *See Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 734-35 (9th Cir. 1979). Accordingly, where as here a party seeks to clarify jurisdiction at an early stage of the proceedings by asserting facts germane to jurisdiction that existed at the time the action was commenced, the Court finds that such amendment is appropriate to further the interests of justice.

The Court therefore finds that diversity jurisdiction exists as the Plaintiff's proposed amended complaint and supporting Exhibits reflect that "Certain Underwriters" is comprised of both domestic and foreign entities as follows:

1. Zurich American Ins. Co., headquartered in Schaumberg, IL and incorporated in Florida.
2. Continental Cas. Co., headquartered in Chicago, IL and incorporated in Florida.
3. Liberty Ins. Underwriters, headquartered in Boston, MA and incorporated in Florida.
4. AIG UK, a foreign entity domiciled and principally operating in the United Kingdom.

5. Lloyd's of London, a foreign entity domiciled in and principally operating in the United Kingdom.

[Docs. ## 23, Attach. 2; 26, Attachs. 2, 8]. The Defendants are incorporated and maintain their principal places of business as follows:

1. Doncasters Group, Ltd. is incorporated and maintains its principal place of business in the United Kingdom and Northern Ireland.
2. Doncasters Group, Ltd. – Doncasters Precision Castings, Bochum, GmbH Division is incorporated and maintains its principal place of business in the United Kingdom and Northern Ireland.
3. Doncasters Precision Castings, Bochum, GmbH is incorporated and maintains its principal place of business in Germany.
4. Doncasters, LLC is incorporated in Delaware, and transacts business in Connecticut. Its principal place of business is not alleged.
5. Doncasters, Inc. is incorporated in Delaware and headquartered in Connecticut.
6. Doncasters, Inc. – Doncasters Precision Castings – New England Division – is incorporated in Delaware and headquartered in Connecticut.

[Doc. # 23, Attach. 2]. As the Defendants do not dispute the places of organization or operation of the entities which comprise Certain Underwriters, and the proposed amended complaint asserts a claim between parties who are citizens of states having complete diversity that existed *ab initio*, the Plaintiff's motion for leave to amend [Doc. # 23] is granted, and the Defendants' [Doc. #19] Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is denied.

In moving to dismiss the Complaint pursuant to Rule 12(b)(6), the Defendants first allege that the Complaint consists of conclusory allegations unsupported by factual assertions with particular focus on the Plaintiff's failure to identify specific acts or omissions on the part of any of the corporate Defendants named. [Doc. #26]. In respons,e the Plaintiff contends that it has met its pleading

9

obligations and that "[i]n both its Original and First Amended Complaints, Plaintiff provided this Court and the Defendants with facts showing what failed and caused loss to Plaintiff, the location and date of the failure, the amount of the losses suffered by Plaintiff . . . and why Defendants are responsible for the losses." [Doc. #26]. With regard to specific allegations as to the Defendants, the Plaintiff states "it is Plaintiff's contention [that] all of the named Defendants were involved in the manufacture, assembly, distribution, sale construction, servicing, providing services for, inspection, testing and supplying of the blade at issue" and that "Defendants are so intertwined in the same actions, it is nearly impossible at this point to state specifically each and every action taken by each Defendant in the manufacture, assembly, distribution, sale, construction, servicing, providing services for, inspection, testing and supplying of the blade at issue." *Id*. The Plaintiff also notes that any additional information or clarification is uniquely in the possession of the Defendants and will be revealed through discovery. The Court concludes that the Plaintiff's Complaint is sufficient to put the Defendants on notice of the claims against it, as the Complaint alleges that the Defendants supplied the turbine blade, that the blade failed after 425 hours of use, and that the failure was therefore the result of a defect in the design, manufacture, installation, or repair or other servicing of the blade. As the form and means of the failure of the blade are likely uniquely within the Defendants' knowledge, the Court will consider further revision of the Complaint prior to the completion of discovery. The Defendant's Motion to Dismiss pursuant to Rule

12(b)(6) for failure to identify specific acts or omissions is therefore denied.

The Defendants also contend that Counts II through V should dismissed because they inappropriately allege additional Counts premised upon products liability, while the Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m, *et seq.* ("CPLA"), provides the exclusive remedy against a product seller for any product liability claim falling within its scope. [Doc. #20]. Certain Underwriters states in response that it is using Counts II through V to advance alternative theories of liability and that Connecticut does not absolutely prohibit plaintiffs from bringing other causes of action in addition to a products liability claim, and also that certain claims, mainly its negligence-based claims, relate to the servicing of the blade, and therefore are not preempted by the CPLA. [Doc. #26].

While the CPLA establishes the sole remedy for a plaintiff's product liability claims, the CPLA was not intended "to alter the substance of a plaintiff's rights or the facts that a plaintiff must prove in order to prevail." *LaMontagne v. E.I. Du Pont De Nemours & Co.*, 41 F.3d 846, 855 (2d Cir. 1994). The CPLA "does not preempt all common law theories of product liability; rather, 'the CPLA bars separate common law causes of action in product liability cases.'" *Walters v. Howmedica Osteonics Corp.* 676 F. Supp. 2d 44, 48 (D. Conn. 2009) (quoting *Densberger v. United Technologies Corp.*, 297 F.3d 66, 70 (2d Cir. 2002)). Therefore, even where a plaintiff brings a single cause of action pursuant to the CPLA, that cause of action may include different grounds for relief such as strict liability, negligence, breach of warranty, and a claim for punitive damages. *Id.* at

48. Such sub-claims are addressed independently, and "retain their character as they existed at common law" even when brought as a single CPLA claim. *Id*. at 49. Thus, while "a plaintiff may not assert a cause of action against the seller of a product for harm caused by the product except within the framework of the CPLA," *LaMontagne,* 41 F.3d at 855, the CPLA claim is assessed pursuant to the requirements of the various common-law requirements subsumed by the CPLA, as the CPLA "does not itself spell out the elements of the types of claims it consolidates." *Id*. at 856. Therefore, it is appropriate for Certain Underwriters to assert the claims governed by the CPLA as sub-claims pursuant to a unified product liability claim in one count, but not in separate counts. *See Savona v. Gen. Motors Corp.,* 640 F. Supp. 6, 9-10 (D. Conn. 1985) (noting that "plaintiffs are free to move to amend their complaint in order to further specify which traditional common law theories of recovery they are asserting under the unified product liability claim alleged in Count One.").

However, pursuant to the CPLA, "[o]nce a particular transaction is labeled a 'service,' as opposed to a 'sale' of a 'product,' it is outside the purview of [Connecticut's] product liability statute." *Zichichi v. Middlesex Memorial Hosp.*, 204 Conn. 399, 402 (1987). Therefore, separate counts in addition to the Plaintiff's CPLA claim are appropriate if they are claims relating to a service as opposed to activity falling within the confines of the CPLA.

While leave has been granted to the Plaintiff to file an Amended Complaint to clarify jurisdiction, the Defendant's Motion for a More Definite Statement is

granted and the Plaintiff is further instructed to group all claims that are elements of its CPLA product liability count into one count, and restrict any alternative counts to service activity or other conduct that is not governed by the CPLA. The Defendants' request to dismiss Counts II through V is therefore denied as moot.

**Conclusion**

Pursuant to the foregoing analysis, the Defendants' Motions to Dismiss made pursuant to Rules 12(b)(1) and 12(b)(6) are denied, while the Defendant's Motion for More Definite Statement, and the Plaintiff's Motion for Leave to file an Amended Complaint are GRANTED. The Plaintiff is instructed to file a revised complaint consistent with this decision by April 15, 2011.

                                          IT IS SO ORDERED.

                                          _____/s/_____
                                          Hon. Vanessa L. Bryant
                                          United States District Judge

Dated at Hartford, Connecticut: March 30, 2011